26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sylva RIVERA, Petitioner-Appellant,
v.
STATE OF HAWAII, Respondent-Appellee.
 No. 93-15510.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1994.*
Decided May 24, 1994.
 
 Before: FARRIS, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sylva Rivera was convicted of second degree robbery and terroristic threatening. After exhausting his state court remedies, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court adopted the findings and recommendations of the magistrate judge and denied the petition. Rivera appeals the district court's denial of the petition. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * We review de novo the district court's denial of a petition for a writ of habeas corpus. Brown v. Borg, 951 F.2d 1011, 1014 (9th Cir.1991). Because the facts are familiar to the parties, we do not restate them here.
 
 
 4
 Rivera contends the prosecutors introduced false, perjured, and misleading evidence. "It is an established tenet of the due process clause that 'the deliberate deception of the court by the presentation of false evidence is incompatible with the rudimentary demands of justice.' " United States v. Rewald, 889 F.2d 836, 860 (9th Cir.1989) (quoting United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989)), amended, 902 F.2d 18, cert. denied, 498 U.S. 819 (1990). "A conviction obtained by the knowing use of perjured testimony must be set aside if there is any reasonable likelihood that the false testimony could have affected the outcome of the trial." United States v. Polizzi, 801 F.2d 1543, 1549 (9th Cir.1986).
 
 
 5
 Rivera's claim that his trial was tainted by perjured testimony fails for three reasons. First, Rivera has not established that any witness gave false testimony. Rivera has demonstrated nothing more than various inconsistencies in witness accounts of the events. "[I]nconsistency is not tantamount to perjury, absent a showing of knowing falsehood." United States v. Flake, 746 F.2d 535, 539 (9th Cir.1984) (alleged perjury in presentation of evidence to grand jury), cert. denied, 469 U.S. 1225 (1985). The jury was in a position to assess the credibility of the prosecution's witnesses and to evaluate whether the inconsistencies in their testimony made them unbelievable.
 
 
 6
 Second, Rivera has not established that the prosecution knowingly presented false testimony. To prevail on a claim of presentation of perjured testimony, Rivera must show not only that the witnesses lied, but that the prosecutor "knew which story was true or false." United States v. Sherlock, 962 F.2d 1349, 1364 (9th Cir.1989), cert. denied, 113 S.Ct. 419 (1992). Without knowledge of whose testimony was false, the prosecution could not have knowingly presented perjured testimony. Id.
 
 
 7
 Third, Rivera cannot demonstrate that there was any reasonable likelihood that the allegedly false testimony affected the outcome of the trial. The inconsistencies of which Rivera complains do not bear on the issue of his guilt; they bear only on the sequence of events during his flight and apprehension outside the store and on the preparation of the store detectives' initial statements. Even if a witness gave a false account of, for example, when she first saw Rivera in the store or who grabbed Rivera's leg as he fled, the jury could still find that all of the elements of the crime had been proven beyond a reasonable doubt.
 
 II
 
 8
 Rivera argues that the prosecution violated his constitutional rights by (1) failing to perform analytic tests on Rivera's clothing, (2) failing to take and preserve fingerprints from the stolen item, and (3) failing to provide him with copies of photographs of evidence prior to trial. Rivera's contentions have no merit.
 
 
 9
 Due process requires that the prosecution disclose exculpatory evidence within its possession. Brady v. Maryland, 373 U.S. 83, 87 (1963). Where, however, the government fails to preserve evidence that is only potentially exculpatory, the right to due process is violated only if the evidence possesses "an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that a defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984). Failure to preserve potentially exculpatory evidence implicates due process concerns only when the police acted in bad faith. Arizona v. Youngblood, 488 U.S. 51, 58 (1988).
 
 
 10
 Rivera has failed to establish that the state's failure to preserve fingerprints or to subject his clothing to analysis violated his due process rights. "The mere failure to preserve evidence which could have been subjected to tests which might have exonerated the defendant does not constitute a due process violation." Paradis v. Arave, 954 F.2d 1483, 1488 (9th Cir.1992), vacated and remanded on other grounds, 113 S.Ct. 1837 (1993). Nor has Rivera established that, had the tests been performed, they would have been exculpatory.
 
 
 11
 We also reject the argument that Rivera's constitutional rights were violated by the prosecution's failure to disclose evidentiary photographs prior to trial. We note that the Hawaii First Circuit Court found that Rivera's contention that the photographs were not disclosed to the defense was "without a trace of support in the record." State court findings of fact "are entitled to a presumption of correctness under [Sec. 2254]." Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). Even if the prosecution failed to disclose the evidence, the failure was harmless, because the evidence (photographs of the tray of stolen seafood) was not "obviously exculpatory" or "supportive of a claim of innocence." United States v. Agurs, 427 U.S. 97, 107 (1976).
 
 III
 
 12
 Rivera argues that he received ineffective assistance of counsel. He claims that his attorney (1) failed to subpoena medical records that would have shown Rivera was allergic to seafood, (2) failed to obtain copies of the photographs of the stolen seafood, (3) failed to move to disqualify prosecution witnesses because they were planning to commit perjury, and (4) failed to raise on appeal the various grounds Rivera here asserts entitle him to relief.
 
 
 13
 We review de novo a claim that a defendant received ineffective assistance of counsel. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 To prevail on his claim, Rivera
 
 14
 must demonstrate (1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper standard for attorney performance is that of "reasonably effective assistance." Id. The defendant must therefore show that the representation he received "fell below an objective standard of reasonableness." Id. at 688.
 
 
 15
 Campbell v. Wood, --- F.3d ----, ----, 62 U.S.L.W. 2522 (9th Cir.1994) (en banc).
 
 
 16
 Rivera fails to meet the demanding requirements of Strickland. The alleged omissions of counsel did not prejudice the defense. As noted above, Rivera has failed to show the witnesses perjured themselves or that the photographs were exculpatory. Counsel's failure to take the steps demanded by Rivera therefore were not unreasonable. The medical records, even if they established Rivera's allergies, could not reasonably have been expected to alter the outcome of the trial. Counsel's failure initially to raise these issues on appeal was not prejudicial, because they state no basis for relief.
 
 IV
 
 17
 We affirm the district court's denial of Rivera's petition for a writ of habeas corpus.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3